NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DONALD D. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-156-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| D. L. STINE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Donald D. Davis is currently confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky. He has submitted a prisoner *pro se* civil rights action under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and has now paid the district court filing fee. The complaint is currently before the Court for initial screening. 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

ALLEGATIONS AND CLAIMS

The Plaintiff has submitted a commonly used complaint form, an attached typewritten complaint with exhibits, and the documents exchanged in the Bureau of Prisons ("BOP") administrative process concerning his medical care at the prison. [Record Nos. 1, 5.] The following is a summary of the allegations contained in these materials.

Plaintiff Davis states that he was sentenced to a term of imprisonment of 262 months in the United States District Court in West Palm Beach, Florida, on February 16, 1999. He further

states that he has been confined at the McCreary penitentiary since September of 2004. His medical complaints begin on April 26, 2005, when he made a dental complaint to the prison dentist. An infected tooth was diagnosed, for which the Plaintiff purportedly received Amoxicillin 500 mg. and Ibuprofen 600 mg. tablets. The plan was to clear the infection and then pull the tooth. Two days later, on April 28th, Davis reported to sick call because the left side of his face "had badly swollen, with pus-like bumps on his left cheek, nose, and lip." Defendant Physician's Assistant ("P.A.") Bryant examined him and indicated that the Plaintiff was likely having an allergic reaction to the medications prescribed to him by the dentist. However, the Plaintiff insisted that he was not allergic to either of the medications and that his medical file would confirm his statements. However, notwithstanding these assertions, P. A. Bryant changed the Plaintiff's medication to Erythromycin base and Acetaminophen.

Davis alleges that his facial condition worsened and, as a result, he returned to Bryant on April 29, 2005. He claims that, by this time, a large portion of his face was covered in black scabs. In addition, he complained that he was feverish and in so much pain that he could barely stand. Davis claims that he showed Bryant that inside his mouth which contained multiple bumps and a change in color (the inside now being a "yellowish" color). Despite this alleged condition, Davis claims that Bryant returned him to the compound.

Davis contends that the malady continued to eat into his flesh despite his protests for further medical attention. Further, he claims that his family made several calls to the prison about his seeing a doctor outside the prison, but no help was forthcoming until May 7, 2005. The Plaintiff claims that, on that date, a corrections officer saw his face and arranged for him to be taken to a hospital. There, he was diagnosed as having a "full blown" case of shingles. He

states that pictures of his face were taken on that day, and he attaches four pictures to his complaint. (Presumably, the attached photos were taken on May 7, 2005.)

On May 15, 2005, the Plaintiff began the BOP administrative remedy process (Administrative Remedy No. 378513), complaining of his continuing pain and asking to be treated by an infectious disease specialist. The documents exchanged as he exhausted that process reveal that the Plaintiff was put on Acyclovir and Prednisone and that the BOP's position was that he was receiving appropriate care at the prison.

The Plaintiff filed the this action on April 14, 2006, naming as Defendants P.A. Bryant, McCreary's Medical Administrator Gregory, and Warden Stine in their individual and official capacities. He claims that all Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment because they were deliberately indifferent to his serious medical needs. In addition, he claims that Gregory and Stine failed to set appropriate policies or train others as to proper diagnosis and care for shingles. Davis asserts that he continues to suffer pain, permanent disfiguration, permanent nerve damage, fear, stress, emotional distress and loss of the enjoyment of association. As to the relief sought, he demands his costs, fees for an attorney, compensatory damages from all of the Defendants in their official and individual capacities, and punitive damages from Gregory and Bryant in their individual capacities.

## DISCUSSION

The Plaintiff has alleged a Constitutional claim and exhaustion of his administrative remedies. Therefore, the named Defendants will be summoned to answer. However, none of the Defendants will be summoned in their official capacities. When damages are sought against federal employees in their official capacities, damages are sought against the United States. It

is well-settled that, under such circumstances, such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592 (1st Cir. 1982); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)). To the extent that a federal employee is sued in his or her individual capacity, however, the action is not a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Therefore, only the individual capacity claims may proceed.

The pending motions also warrant further discussion. After paying the required filing fee and in response to the Court's Deficiency Order, the Plaintiff filed two motions. One is a self-styled "Motion to Correct Deficiency" which the Court will grant because the Plaintiff was directed to correct errors. The motion indicates that he has complied with this directive.

In his second motion, the Plaintiff states that he has had difficulty in sending and receiving documents through the prison mail in the past. As a result, he asks that the Court order the Clerk of the Court and the Defendant mark all mail to him "SPECIAL MAIL – OPEN ONLY IN THE PRESENCE OF INMATE." This motion will be denied, without prejudice, as there is no current basis for putting such a burden on the Clerk or the Defendants at this time. Should the Plaintiff experience difficulty and harm with his mail delivery concerning this case, he may file another motion once the Defendants are before the Court.

Accordingly, the Court being sufficiently advised, it is **ORDERED** as follows:

(1)   All claims against the Defendants in their official capacities are **DISMISSED**.

(2)     The Clerk in the divisional office in which the case is pending shall prepare and issue summons for U.S.P.– McCreary's Warden D.L. Stine, Medical Administrator L. Gregory, and Physician's Assistant M. Bryant, in their individual capacities. In addition to the summons, the Clerk shall make 2 sets of copies of the summons and mark one set to be served on the United States Attorney General and one set to be served on the United States Attorney for the Eastern District of Kentucky.

(3)     The Divisional Clerk shall also prepare as many copies of the complaint as there are summons and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any Defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(4)     After the Divisional Clerk's office has prepared the summons, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall forward said documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky.

(5)     The Divisional Clerk shall enter the certified mail receipt into the record.

(6)     The United States Marshal shall serve a summons, complaint copy, and copy of this Order on each named Defendant for whom a summons has been prepared and shall serve copies of the documents on the United States Attorney General in Washington, D.C., and on the United States Attorney for the Eastern District of Kentucky, all service to be made by certified mail, return receipt requested.

(7)     The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the entry of this Order.

(8)     The Plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(9)     For every further pleading or other document he wishes to submit for consideration by the Court, the Plaintiff shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

(10)    The Plaintiff's Motion to Mark Mail [Record No. 4] is **DENIED**, without prejudice.

(11)    The Plaintiff's Motion to Correct Deficiency [Record No. 5] is **GRANTED**.

This 10th day of May, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge