**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DONALD D. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-156-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| D. L. STINE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on the several motions of the parties, including the Defendants' motion to dismiss or in the alternative, for summary judgment. For the reasons discussed below, summary judgment will be granted in favor of the Defendant. The remaining motions will be denied.

## BACKGROUND

On April 14, 2006, Plaintiff Donald D. Davis, an individual confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky, initiated this *pro se* civil rights action under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). In addition, he has paid the applicable filing fee. Davis complains of the medical treatment he received for shingles. He names three individuals as Defendants: Warden D.K. Stine, Medical Administrator L. Gregory, and a physician's assistant ("P.A.") M. Bryant. Davis seeks monetary damages as well as injunctive relief.

-1-

Upon screening the complaint and its attached exhibits, the Court summarized the

Plaintiff's allegations as follows:

> Plaintiff Davis . . . has been at the McCreary penitentiary since September of
> 2004. His medical complaints begin on April 26, 2005, when he made a dental
> complaint to the prison dentist. An infected tooth was diagnosed, for which the
> Plaintiff purportedly received Amoxicillin 500 mg. and Ibuprofen 600 mg. tablets.
> The plan was to clear the infection and then pull the tooth. Two days later, on
> April 28th, Davis reported to sick call because the left side of his face "had badly
> swollen, with pus-like bumps on his left cheek, nose, and lip." Defendant
> Physician's Assistant ("P.A.") Bryant examined him and indicated that the
> Plaintiff was likely having an allergic reaction to the medications prescribed to
> him by the dentist. However, the Plaintiff insisted that he was not allergic to
> either of the medications and that his medical file would confirm his statements.
> However, notwithstanding these assertions, P.A. Bryant changed the Plaintiff's
> medication to Erythromycin base and Acetaminophen.
>
> Davis alleges that his facial condition worsened and, as a result, he returned to
> Bryant on April 29, 2005.[1] He claims that, by this time, a large portion of his face
> was covered in black scabs. In addition, he complained that he was feverish and
> in so much pain that he could barely stand. Davis claims that he showed Bryant
> that inside his mouth which contained multiple bumps and a change in color (the
> inside now being a "yellowish" color). Despite this alleged condition, Davis
> claims that Bryant returned him to the compound.
>
> Davis contends that the malady continued to eat into his flesh despite his protests
> for further medical attention. Further, he claims that his family made several calls
> to the prison about his seeing a doctor outside the prison, but no help was
> forthcoming until May 7, 2005.[2] The Plaintiff claims that, on that date, a
> corrections officer saw his face and arranged for him to be taken to a hospital.
> There, he was diagnosed as having a "full blown" case of shingles. He states that
> pictures of his face were taken on that day, and he attaches four pictures to his
> complaint. (Presumably, the attached photos were taken on May 7, 2005.)
>
> On May 15, 2005, the Plaintiff began the BOP administrative remedy process
> (Administrative Remedy No. 378513), complaining of his continuing pain and

___

[1] In his later response to the Defendants' dispositive motion, the Plaintiff corrects himself, claiming that it was not April 29th that he returned to Bryant, but May 2nd. [*See* Record No. 31 at 3.]

[2] Later, the Plaintiff makes a second date correction, alleging that it was not May 7th that he was taken to the hospital but May 8th. [*See* Record No. 31 at 4.]

asking to be treated by an infectious disease specialist.  The documents exchanged as he exhausted that process reveal that the Plaintiff was put on Acyclovir and Prednisone and that the BOP's position was that he was receiving appropriate care at the prison.

The Plaintiff filed this action on April 14, 2006, naming as Defendants P.A. Bryant, McCreary's Medical Administrator Gregory, and Warden Stine, in their individual and official capacities.  He claims that all Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment because they were deliberately indifferent to his serious medical needs.  In addition, he claims that Gregory and Stine failed to set appropriate policies or train others as to proper diagnosis and care for shingles.  Davis asserts that he continues to suffer pain, permanent disfiguration, permanent nerve damage, fear, stress, emotional distress and loss of the enjoyment of association.  As to the relief sought, he demands his costs, fees for an attorney, and compensatory damages from all of the Defendants in their official and individual capacities, and punitive damages from Gregory and Bryant, in their individual capacities.

[*See* Record No. 6 at 1-3.]  The Court then dismissed the claims against the Defendants in their official capacities based upon the United States' sovereign immunity, and directed the issuance of summons on the Plaintiff's claims against each only in his or her individual capacity.  On August 14, 2006, the Defendants filed the dispositive motion which is currently under consideration.

<u>DEFENDANTS' MOTION</u>

The Defendants seek dismissal of the instant complaint for failure to state a claim or, in the alternative, for entry of summary judgment.  [Record No. 22]  The Defendants have filed a memorandum of law and have also submitted other support which the Court has ordered sealed, so as to restrict remote access to the Plaintiff's personal information.  This information includes the Defendants' declarations, Davis' medical records, and information on shingles.  Contrary to the Plaintiff's allegations, Defendants maintain that Davis was treated often and appropriately.

They recite a chronology of the medical care which was purportedly provided beginning on April 26, 2005, and lasting up through March 13, 2006.

With respect to the Defendants' legal arguments, Warden Stine first contends that he is entitled to dismissal because he is not alleged to have personally participated in any of the complained-of actions with regard to the Plaintiff's medical treatment. He also argues that he cannot be held liable on a *respondeat superior* theory nor on the basis of his rejecting the Plaintiff's claim during the administrative remedy process. Defendant Lisa Gregory has also submitted a declaration attesting to her administrative duties but swearing to no role in medical decisions regarding prisoner-patients, including the Plaintiff. Defendant P.A. Anthony Bryant swears to the chronology of the Plaintiff's treatment and to his being an officer of the United States Public Health Service which renders him absolutely immune under 42 U.S.C. §233(a).

The Defendants also claim that the Plaintiff has failed to state an Eighth Amendment claim under well-established case law, including *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), and its progeny. Additionally, they assert that they are entitled to qualified immunity pursuant to the standards of *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Finally, the Defendants contend that they are entitled to summary judgment because they have not participated in any unconstitutional acts and are entitled to judgment as a matter of law.

<u>PLAINTIFF'S RESPONSE</u>

The Plaintiff has filed a memorandum in opposition to the Defendants' motion. [Record No. 31] Davis attempts to counter each of the Defendant's arguments. He insists that he has stated a claim against Stine and Gregory because the warden and medical administrator both have duties to properly supervise subordinates and their failure to do so is compensable.

-4-

Additionally, the Plaintiff alleges that P.A. Bryant is not completely protected by absolute immunity. Instead, he asserts that he may proceed against Bryant for damages under *Carlson v. Green*, 446 U.S. 14 (1980). The Plaintiff also contends that he has stated the requisites to an Eighth Amendment claim, because (1) shingles is a serious medical need due to its need for active treatment 1 ½ years later, its significant effect on his daily activities, and its lingering pain; and (2) the Defendants have repeatedly refused to do anything to treat the shingles prior to Davis' trip to the hospital.

As to the facts outlined by the Defendants, Davis contends that the only relevant time period is the time during which his malady was allegedly ignored: from April 26, 2005, when he visited the dentist, to May 8, 2005, when he was taken to the hospital. Additionally, he contends that there are genuine issues of material fact which preclude entry of summary judgment. Specifically, he argues: (1) that he was taken to the hospital not on May 8th, Not May 1st; (2) that he at no time received "proper treatment or treatment for shingles prior to" his trip to the hospital on May 8th; (3) that he saw the dentist only once, on the initial April 26th date, but thereafter he repeatedly visited only Bryant for treatment; (4) the severity of his symptoms.

## STANDARDS FOR DISMISSAL/SUMMARY JUDGMENT

Federal Rule of Civil Procedure 12(b) provides for the dismissal of claims and parties for seven listed reasons. Subparagraph (6) governs motions for dismissals for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under this rule, well-pled allegations must be taken as true and must be construed most favorably toward the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should be dismissed pursuant to

Fed.R.Civ.P. 12(b)(6) if there is no law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

"To survive a motion to dismiss . . . a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Nonetheless, conclusory allegations or conclusions will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005) (citations omitted), *cert. denied*, 126 S.Ct. 1911 (2006).

Rule 12(b)(6) provides, in relevant part, as follows:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Id.* Thus, the plain language of the rule permits a Rule 12(b)(6) motion to be converted into a motion for summary judgment.

If supporting affidavits go to the underlying claim and the court considers them pertinent to its ruling on the Rule 12(b)(6) motion for failure to state a claim, then the court "shall" convert the motion into one for summary judgment under Rule 56. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). Because the Defendants' attached declarations and attached exhibits go to the merits of the Plaintiff's claims and this Court has considered their content, the Court will consider the motion as one for summary judgment.

-6-

The Court's duty under Rule 56 is to determine whether there are "no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the District Court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Woythal v. Tex-Tenn Corp.*, 112 F.3d 243, 245 (6th Cir.), *cert. denied,* 522 U.S. 967 (1997). The Supreme Court has also directed that a court look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial; "metaphysical doubt" is insufficient. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53 (1986).

The moving party has the burden of showing there is an absence of evidence to support a claim. *Celotex Corp. v. Catrett*, 477 U.S. at 324-25. After the moving party carries its burden, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and admissions on file, specific facts showing that there is a genuine issue of material fact for trial. *Id.* If the non-moving party completely fails to prove an essential

element of his or her case, then all other facts are rendered immaterial.  *Celotex*, 477 U.S. at 322-23.

Because the Defendants contend that the Plaintiff has failed to meet the applicable standards for his constitutional claims and that they are entitled to qualified immunity, the Court will also examine the standard for qualified imunity.  Qualified immunity is described by the Supreme Court as: "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The Sixth Circuit has outlined a three part procedure for evaluating claims of qualified immunity, the first step of which is to determine whether a constitutional violation occurred.  *See Dickerson v. McClellan*, 101 F.3d 1151, 1157-58 (6th Cir. 1996).

Thus, the question of whether the named Defendants are entitled to qualified immunity is the same as the initial question: whether the Plaintiff has established that a constitutional violation occurred at the hands of persons acting under color of federal law.  The Plaintiff has the burden of establishing that his rights were violated and that the Defendants are not entitled to qualified immunity.  *Wegener v. Covington*, 933 F.2d 390, 392 (6th Cir. 1991); *Williams v. Mehra*, 186 F.3d 685, 692-93 (6th Cir. 1999) (quoting *Celotex,* 477 U.S. at 322).

In considering the pending motion, the Court will construe the Plaintiff's verified complaint as a competing affidavit controverting the purported facts in the Defendants' declarations.  *See Hooks v. Hooks*, 771 F.2d 935, 945-46 (6th Cir. 1985).

-8-

<u>DISCUSSION</u>

Davis' only claim is that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when the Defendants were deliberately indifferent to his serious medical needs.  Further, the Plaintiff contends that they so acted for a limited time interval, from his trip to the dentist on April 26, 2005, until his trip to the hospital on May 8, 2005 (a span of 12 days).  However, the Plaintiff fails to allege that the warden or the medical administrator knew or had any reason to know of the Plaintiff's emerging condition between April 26th and May 8th.  The Defendants are correct when they point out that Davis has failed to include specific allegations of the personal involvement of these two Defendants in the complained-of denial of  medical care.

*Bivens* defendants can be held liable only if they acted knowingly and participated in the unconstitutional conduct.  *Boettger v. Moore*, 483 F.2d 86, 87 (9th Cir. 1973); *Monell v. Dep't of Social Serv.*, 436 U.S. 658 (1978).  Defendants without personal involvement or participation in the unconstitutional acts must be dismissed.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *Nwaebo v. Hawk-Sawyer*, 83 Fed.Appx. 85 (6th Cir. 2003) (unpublished).  Therefore, dismissal of Stine and Gregory is appropriate for the Plaintiff's failure to allege with specificity what each one did and when and how so as to damage the Plaintiff.

The Defendants are also correct that an official's denial of an administrative complaint as the prisoner goes up the levels of appeal in the BOP administrative remedy process is insufficient to confer liability.  *Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999).  Therefore, the Plaintiff's alternative basis for Warden Stine's liability fails, and the warden is also entitled to dismissal on this ground.

-9-

As to the remaining Defendant, the Plaintiff has not controverted P.A. Bryant's declaration that he is an officer in the Public Health Service ("PHS") and that he was acting in the scope of his employment when he tended to the Plaintiff.  With regard to the law, both parties cite *Carlson v. Green* as supporting their position regarding whether Bryant is entitled to immunity.  In *Lewis v. Sauvey*, 708 F.Supp. 167 (E.D. Mich 1989), another district court has explained that while the Supreme Court held in *Carlson* that a *Bivens* action was a viable option for the prisoner-plaintiff to pursue, the defendants in that case were prison personnel.  In contrast, the Plaintiff in the present action is suing a medical officer of the Public Health Service for injuries allegedly resulting from the performance of medical functions within the scope of the officer's employment.  Under 42 U.S.C. §233(a), Congress has decreed that the Federal Tort Claims Act is a plaintiff's sole remedy against a PHS officer.  *Id.* at 169.  Therefore, *Bivens* is not an option and any *Bivens* claim against a PHS officer must be dismissed.  *Id.*

Even if the three Defendants were not entitled to dismissal on the above-stated grounds, there is an alternative ground for dismissing this lawsuit.  The Plaintiff has failed to present the requisites for stating a viable Eighth Amendment claim.  The Supreme Court has held that "[i]n order to state a cognizable claim [under the Eighth Amendment with regard to medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Therefore, a prisoner must show two elements: "deliberate indifference" and "serious medical needs."  *Id.*

Deliberate indifference has been defined as "more than mere negligence, but 'something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'"  *Foy v. City of Berea*, 58 F.3d 227, 232 (6th Cir. 1995) (quoting *Farmer v.*

-10-

*Brennan*, 511 U.S. 825 (1994)).  *Farmer* "recognizes the legitimacy of showing deliberate indifference by circumstantial proof."  *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). However, the inflicting official must still "act or fail to act with subjective awareness of the deprivation.  Lack of objective reasonableness, *i.e.*, a failure to act as a reasonable person would have acted, does not by itself equal deliberate indifference."  *Id.* at 129 (citing *Farmer*, 511 U.S. at 830).

The Court has reviewed the medical records filed in this action and concludes that these records repeatedly show that the Plaintiff's date of treatment in the hospital, (the Scott County Hospital) was on May 1, 2005, not May 8, 2005, which he continues to assert.  Therefore, the Plaintiff's allegations come down to the Defendants allegedly being deliberately indifferent to his serious medical needs from the day he went to the dentist (April 26th) until he was taken to the hospital on May 1st – a period of only 5 days.  As to this period, the Plaintiff claims that Defendant Bryant saw him only on April 28, 2005.  Davis admits to the P.A.'s changing his medication on this occasion to alleviate the first symptoms.  However, the Plaintiff claims to having been ignored the other four days.  In contrast, the medical records support the Defendants' contention that he was seen in sick call on three of the first four days at issue (*i.e.*, on April 27th, 28th, 30th) and that he was taken to the hospital on the fifth day (*i.e.*, May 1, 2005).

Even if the date of the trip to the hospital was actually May 8th, rather than May 1st, the Plaintiff has contended that he had only one other appointment with Bryant during that week, and that was on May 2, 2005.  Afterwards, he alleges that he "slowly walked around USP McCreary" with worsening symptoms until May 8th.  However, even in the Plaintiff's time

-11-

scenario, the medical records do not reflect that he was ignored from May 2nd until May 8th. Rather, they show that on May 2nd, Davis was placed in isolation in the prison medical/hospital where he was monitored daily for an unknown number of days. Further, according to Davis' medical records, he was treated for shingles symptoms over the next year. The treatment varied depending upon his complaints, but he was treated.

Even if the Court assumes that the Plaintiff's shingles was and is a serious condition needing prompt medical attention, it is convinced that the Plaintiff has failed to state a claim under the Eighth Amendment against any of the Defendants because he has failed to present anything evidencing a culpable state of mind. Bryant saw him repeatedly and changed his medication during the first few days. The warden merely deferred to medical personnel upon the Plaintiff's complaint. And Gregory had no role at all.

The Court finds that the materials submitted by the Defendants to support their motion demonstrate that the Plaintiff's medical needs were being addressed. The Plaintiff has presented nothing to the contrary, other than his conclusory allegations. There is no evidence that any of the Defendants knowingly ignored Davis' medical condition or refused to give him proper attention. Although he may be dissatisfied with the course of his shingles and its lingering aftermath, he has failed to offer evidence of unconstitutional actions by the named Defendants.

Under the Eighth Amendment, a plaintiff fails to state a cognizable claim if the case involves a difference of opinion between the Plaintiff and a doctor regarding the Plaintiff's diagnosis and treatment. *Estelle v. Gamble*, 429 U.S. at 107; *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *Birrell v. Brown*, 867 F.2d 956, 958

-12-

(6th Cir. 1989). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th Cir. 1976)).

The policy that medical decisions not be second-guessed by the courts is clearly applicable in this action. *See e.g., McFarland v. Austin*, 2006 WL 2572083 (6th Cir. 2006) (slip op.); *Hix v. Tennessee Dept. of Corrections*, 2006 WL 2431103 (6th Cir. 2006) (slip op.). Prisoners are not entitled to unfettered access to the medical treatment of their choice. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle v. Gamble*, 429 U.S. at 103-104).

In the present case, the Defendants have carried their burden to show that there is an absence of evidence to support the claim against them (*Celotex Corp. v. Catrett*, 477 U.S. at 324-25). Conversely, the Plaintiff has failed to carry his burden in opposition to the Defendants' motion. He has failed to come forward with "affirmative evidence to defeat a properly supported motion for summary judgment" (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 257). The record contains only the Plaintiff's original verified allegations, their being repeated in his response to the Defendants' motion, and no refutation of the Defendants' evidentiary support, except conclusory statements.

Finally, the Court has compared the facts, relevant law, and underlying policy with similar prisoner cases and finds its determinations to be consistent with similar cases. In addition to the shingles case cited by the Defendants, *Rivera v. Rees*, 2006 WL 449097 (E.D.Cal. 2006), *adopted* 2006 WL 1305280 (E.D.Cal. 2006), there is also *Hodge v. Coughlin*, 1994 WL

-13-

519902 (S.D.N.Y. 1994) (not reported) (noting that there is no treatment for shingles and finding no Eighth Amendment violation, as there was only delay and disagreement as to treatment; the prisoner's condition "was never ignored"), *affm'd* 52 F.3d 310 (2nd Cir. 1995), and *Nicks v. Scott*, 1989 WL 60407 (D.Kan. 1989) (not reported) (dismissing claims regarding treatment for HIV and shingles, for failure to state a constitutional claim, as the Plaintiff merely disagreed with the efficacy of the treatment he received).

<u>OTHER MOTIONS</u>

After the Defendants filed their dispositive motion, the Plaintiff filed two motions, neither of which will be granted.  First, Davis moved for appointment of counsel [Record No. 28] on the grounds that he is not trained in the law, this case will call for experts and depositions, and there are complex legal issues to be addressed.  These are valid concerns for any *pro se* plaintiff, particularly one who is incarcerated, and they were considered by the Court as it assessed the Defendants' motion.  However, they do not dictate that the *pro se* Plaintiff in this case obtain counsel at taxpayers' expense.

A district court has discretion to appoint counsel for an indigent civil litigant.  28 U.S.C. §1915(e).  In determining whether to exercise this discretion, the court must consider certain factors:

> Appointment of counsel in a civil case is not a constitutional right.  It is a privilege that is justified only by exceptional circumstances.  In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself.  This generally involves a determination of the complexity of the factual and legal issues.

-14-

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (citations omitted) (quotation marks omitted).  "The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'"  *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (citations omitted).

Having considered this matter in light of these principles, the Court does not find that exceptional circumstances warrant appointment of counsel.  This action has presented a straightforward claim of deliberate indifference to serious medical needs.  The Court's resolution of the pending dispositive motion is not based on legal niceties or obscure law.  Rather, each issue turns on facts which the record supports.  The medical records establish that there were only five days at issue and that Plaintiff was not ignored by any of the Defendants during that time.  Counsel's ability to argue the law cannot cure facts or otherwise salvage a claim so factually flawed.  Accordingly, the appointment of counsel is not warranted and this motion will be denied.

The Plaintiff has also filed a self-styled "Petition for Writ of Mandamus" [Record No. 30] in which he complains of an infection in his left nostril and its attendant pain.  He claims that he has complained about it for months, and he received only 7 pills to treat it in August of 2006, when he should have received 10 pills.  He asks the Court to order the Defendants to provide enough medication to kill the infection or to take him to a specialist outside the prison.  The Court construes this motion to be one for preliminary injunctive relief regarding a time period not at issue in this action.  To the extent it could be construed to be at issue, the four factors to be considered before granting a preliminary injunction are:  (1) the plaintiff's likelihood of

-15-

success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Golden v. Kelsey-Hayes Company*, 73 F.3d 648, 653 (6th Cir. 1996) (citing *Performance Unlimited v. Questar Publishers*, 52 F.3d 1373, 1381 (6th Cir. 1995) (citing *International Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir.), *cert. denied*, 502 U.S. 813 (1991) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985))).

Considering these factors in relation to the facts in this case, the Plaintiff's likelihood of success on the merits is nil. As to the second factor, Plaintiff has expressed frustration but he has not stated how he will suffer an irreparable harm. As to the third and fourth factors, the Federal Courts are cautioned to stay out of the business of micro-managing prisons. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Turner v. Safley*, 482 U.S. 78 (1987); and *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987). No public interests would be served by choosing to interfere. Therefore, this motion will be denied.

<u>CONCLUSION</u>

Having concluded that the Defendants are entitled to entry of summary judgment in their favor, it is hereby

**ORDERED** as follows:

(1)     The Defendants' motion to dismiss is **DENIED**; however, their motion for summary judgment [Record No. 22]is **GRANTED**.

(2)     The Plaintiff's motions for appointment of counsel [Record No. 28] and for preliminary injunctive relief [Record No. 30] are **DENIED**.

-16-

(3)     This action is **DISMISSED**, with prejudice.   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 31st day of October, 2006.



Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**